UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SCOTT KLINEFELTER,<br><br>            Plaintiff,<br><br>     v.<br><br>GURMEET KAUR,<br><br>            Defendant. | Case No. 2:20-cv-01429-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST DENIAL OF ACCESS TO COURTS CLAIM PROCEED AND HIS SECOND DENIAL OF ACCESS TO COURTS CLAIM BE DISMISSED<br><br>FOURTEEN-DAY DEADLINE TO FILE OBJECTIONS<br><br>ECF No. 12 |

Plaintiff is a state prisoner proceeding without counsel in this action brought under 28 U.S.C. § 1983. In his amended complaint, which is before the court for screening, plaintiff alleges that defendant Gurmeet Kaur interfered with his access to courts on two occasions. For the reasons stated below, I find that plaintiff's first access to courts claim is cognizable to proceed, but his remaining claim should be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on July 23, 2019, defendant Kaur, a senior librarian at CSP-Solano, refused to make photocopies of a successive habeas petition plaintiff intended to file with the United States Court of Appeals for the Ninth Circuit. ECF No. 12 at 3. Kaur also refused to give plaintiff envelopes needed to file his petition. *Id.* Plaintiff claims that as a result of Kaur's conduct, he missed the deadline to file his petition. *Id.* These allegations, taken as true, state a cognizable First Amendment denial of access to courts claim.

Next, plaintiff alleges that on September 23, 2019, he went to the law library to obtain a prisoner civil rights form complaint. *Id.* at 4. According to plaintiff, the prison is required to

2

1    make these forms "readily available" to inmates. *Id.* Despite that requirement, Kaur allegedly
2    kept the form complaints locked in her office. *Id.* When plaintiff requested a form complaint,
3    Kaur allegedly denied plaintiff's request because he had not provided a penological reason for
4    needing the form. *Id.*

5    Unlike his first claim, plaintiff's second claim fails because plaintiff does not allege any
6    actual injury. *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (stating that "[f]ailure to
7    show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a denial of access to the
8    courts claim). Plaintiff does not allege that he was never able to obtain the requested form
9    complaint—only that Kaur refused to provide it on September 23, 2019. More significantly,
10   plaintiff does not allege that Kaur's actions prevented him filing a non-frivolous legal claim.
11   Instead, plaintiff contends that he is not required to allege an actual injury resulting from Kaur's
12   conduct. ECF No. 12 at 4. Plaintiff is mistaken. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996);
13   *Alvarez*, 518 F.3d at 1155 n.1.

14   I find that granting plaintiff further leave to amend the complaint is unwarranted. Plaintiff
15   was previously notified that to state a denial of access to courts claim he must allege that he
16   suffered an actual injury as a consequence of Kaur's actions. ECF No. 8. Rather than heed the
17   court's instruction, he now claims that no such requirement exists. Thus, it appears that granting
18   plaintiff further leave to amend would be futile. *See Wheeler v. City of Santa Clara*, 894 F.3d
19   1046, 1059 (9th Cir. 2018) (holding that leave to amend may be denied where it appears
20   amendment would be futile).

21   Accordingly, it is hereby ORDERED that the Clerk of Court shall assign a district judge
22   to this case.

23   Further, it is RECOMMENDED that:

24   1. Plaintiff be allowed to proceed with his First Amendment denial of access to courts
25   claim based on Kaur's July 23, 2019 conduct.

26   2. Plaintiff's remaining claim be dismissed without leave to amend.

27   3. If these recommendations are adopted, the matter be referred back to me so that service
28   may be initiated for defendant Kaur.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 12, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4