UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SCOTT KLINEFELTER,<br><br>    Plaintiff,<br><br>    v.<br><br>GURMEET KAUR,<br><br>    Defendant. | Case No. 2:20-cv-01429-JAM-JDP (PC)<br><br>ORDER THAT DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER BE GRANTED<br><br>ECF No. 35<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>ECF No. 31<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff is a state prisoner who alleges that defendant Kaur violated his First Amendment right to access the courts when she refused to make copies for him and denied him envelopes. ECF No. 12 at 3. He has filed a motion for summary judgment that should be denied. Additionally, defendant has filed a motion to amend her answer, which I will grant.

**Defendant's Motion to Amend Answer**

Defendant has asked to amend her answer to include various affirmative defenses that were mistakenly omitted in the original. ECF No. 35 at 1. More than twenty-one days have passed since the filing of the original answer, and defendant can only amend with either plaintiff's consent or leave of the court. Fed. R. Civ. P. 15(a). Plaintiff has not filed an opposition, but he has not given his consent, either. Thus, defendant can only amend by my leave, which I should give freely "when justice so requires." *Id.*

I will grant defendant's motion. Motions to amend should be denied only where the amendment would "cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

There is no evidence of those factors here.

**Plaintiff's Motion for Summary Judgment**

### I. Legal Standards

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citing to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving

2

1  party's claim or defense or show that the nonmoving party does not have enough evidence of an
2  essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*
3  *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this
4  initial burden, the burden then shifts to the non-moving party "to designate specific facts
5  demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d
6  376, 387 (citing *Celotex Corp.,* 477 U.S. at 323).  The non-moving party must "show more than
7  the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477
8  U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material
9  issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
10 require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*
11 *Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

12     The court must apply standards consistent with Rule 56 to determine whether the moving
13 party has demonstrated there to be no genuine issue of material fact and that judgment is
14 appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
15 "[A] court ruling on a motion for summary judgment may not engage in credibility
16 determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.
17 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the
18 nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
19 *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *accord Addisu v. Fred*
20 *Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

21     **II.     Analysis**

22     Plaintiff's motion for summary judgment should be denied, because whether defendant
23 violated plaintiff's First Amendment rights is disputed.  ECF No. 25 at 3.  And plaintiff's five-
24 page motion for summary judgment does not contain either evidence or argument showing that
25 the truth of his allegations is beyond genuine dispute.  Further, summary judgment is disfavored
26 where, as here, the parties have not yet had an opportunity to complete discovery. *See, e.g.*, *Jones*
27 *v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (holding that "summary judgment is disfavored
28 where relevant evidence remains to be discovered . . . .").

1      Accordingly, it is ORDERED that:

2      1.   Defendant's motion for leave to amend answer, ECF No. 35, is granted.

3      2.   The Clerk of Court shall file defendant's amended answer, found at ECF No. 35-1 at 4-9, on the docket.  It should be title "Amended Answer to Prisoner Civil Rights Complaint" and will be the operative answer going forward.

   Further, it is RECOMMENDED that plaintiff's motion for summary judgment, ECF No. 31, be DENIED.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 7, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE