UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SCOTT KLINEFELTER,<br><br>    Plaintiff,<br><br>  v.<br><br>G. KAUR,<br><br>    Defendant. | Case No. 2:20-cv-01429-DAD-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR AN EXTENSION OF TIME, TO APPOINT COUNSEL, AND FOR JUDICIAL NOTICE AND AN EVIDENTIARY HEARING<br><br>ECF Nos. 49 & 50 |

Plaintiff has filed a motion for an extension of time and asks that he be appointed counsel. ECF No. 49. Plaintiff, however, does not identify the specific deadline he seeks to extend.[1] His motion is denied without prejudice.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford

---

[1] Plaintiff is reminded that pursuant to the July 12, 2022 discovery and scheduling order, all discovery must have been completed by December 16, 2022, and dispositive motions shall be filed by March 17, 2023. ECF No. 44. If plaintiff requires additional time to comply with these deadlines, he may file a motion to modify the July 12, 2022 discovery and scheduling order. Any such motion shall identify the deadline plaintiff seeks to extend and explain why additional time is necessary.

counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff asks that counsel be appointed because the issues in this case are complex.  ECF No. 49 at 1.  I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  The allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits.  For these reasons, plaintiff's motion to appoint counsel, ECF No. 49, is denied without prejudice.

Plaintiff also filed a motion for judicial notice and to set an evidentiary hearing.  As an initial matter, plaintiff makes no reference to an evidentiary hearing, apart from the caption, and does not state the purpose for which he seeks such a hearing.  ECF No. 50.  As for his request for judicial notice, plaintiff's motion contains no documents or information for the court to take judicial notice of; instead, plaintiff appears to ask the court for discovery.  For example, plaintiff asks why defendant Kaur was removed from her official capacity as the senior librarian at California State Prison, Solano.  *Id.* at 1.  If plaintiff intended to serve defendant with his discovery request by filing them with the court, that approach is improper.  Plaintiff must instead serve his discovery requests on defendant.  *See* Fed. R. Civ. P. 30-36.

Accordingly, it is hereby ordered that:

1. Plaintiff's motion for an extension of time and to appoint counsel, ECF No. 49, is denied without prejudice.

2. Plaintiff's motion for judicial notice and evidentiary hearing, ECF No. 50, is denied without prejudice.

IT IS SO ORDERED.

Dated:     March 9, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2